UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20496-CR-MARTINEZ/MCALILEY

UNITED STATES OF AMERICA,

vs.

THOMAS PATRICK KEELAN,

    Defendant.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S DETENTION ORDER

THIS CAUSE came before the Court upon Defendant Thomas Patrick Keelan's ("Defendant") Appeal of Pretrial Detention Order ("Appeal") (D.E. No. 20) asking this court to vacate the Order of Detention (D.E. No. 6) issued by Magistrate Judge Goodman. Magistrate Judge Goodman conducted a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f) on June 21, 2012 and ordered that Defendant be detained pending his criminal trial. (D.E. No. 6). This Court has reviewed the Transcript of Pretrial Detention Hearing Before the Honorable Jonathan Goodman, United States Magistrate Judge,[1] Defendant's Appeal, and Government's Response to Defendant's Appeal of Pretrial Detention Order (D.E. No. 23). For the reasons set forth below, this Court finds that Defendant should be detained pending his criminal trial.

Defendant argues that the government's inability to find additional victims in this case shows that Defendant is "neither a danger to the community nor a risk of flight." (D.E. No. 20 at 2). This Court disagrees. Magistrate Judge Goodman found that Defendant: (i) failed to rebut

---

[1] Transcript of the detention hearing for the United States' case against Thomas Patrick Keelan, Case No. 12-20496, prepared by Jerald M. Meyers, RPR. Hereinafter cited as "TR" or "Transcript."

the statutory presumption that no combination of conditions will reasonably assure the appearance of Defendant at trial; (ii) presents a risk of flight; and (iii) is a danger to the community. (TR at 26:13-20). This Court finds, through independent review of the evidence submitted at the pretrial detention hearing, that Defendant is not entitled to be released on bond before trial.

Defendant is charged with two counts of knowingly persuading, inducing, enticing, or coercing a minor to engage in sexual acts in violation of Title 18, United States Code, Section 2422(b). The Bail Reform Act, 18 U.S.C. § 3142, creates a rebuttable presumption that when a defendant is charged with "an offense involving a minor victim" then "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). The burden is then on the defendant to show evidence that would "suggest that he . . . [is] either not dangerous or not likely to flee" if released on bond. *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985). Even if the defendant produces sufficient evidence to rebut the statutory presumption that he would flee or that he is a danger to the community, "the presumption would not [be] completely eliminated." *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).[2]

Defendant's argument that no further victims have been found fails to rebut the statutory presumption and is not, as Defendant argues, the only basis for his pretrial detention. (D.E. No. 20 at 1). Magistrate Judge Goodman's detention order is also based upon findings that Defendant is both a flight risk and a danger to the community. (D.E. No. 6). Additionally, Defendant fails

---

[2] The Eleventh Circuit in *King* held that a district court need not hold an additional detention hearing and that it can review the magistrate's detention order "based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing." *King*, 849 F.2d at 490.

to show sufficient factors that will assure his appearance in court and the safety of the community. Therefore, this Court finds that Defendant has not rebutted the statutory presumption against his pretrial release.

Particularly, this Court finds that Defendant is a danger to the community and a flight risk. Pursuant to 18 U.S.C. § 3142(g)(1)-(4), this Court has considered: (i) the nature of Defendant's crime; (ii) the weight of evidence against Defendant; (iii) the Defendant's history and characteristics; and (iv) the potential danger to the community if Defendant were released. Defendant's crime involves a prolonged sexual relation with a minor, a crime that this Court finds extremely serious in nature. The government's case against Defendant includes substantial evidence including Defendant's confession to having maintained an unlawful sexual relationship with the Victim. (D.E. No. 23). Based on the evidence presented at the detention hearing and the grand jury indictment issued on July 2, 2012, this Court finds that there is probable cause to believe Defendant committed the crimes he is being charged with.

Additionally, Defendant asserts the detention order should be vacated because he has no previous criminal convictions, he has been "gainfully employed for his entire adult life" and has ties to the Southern District of Florida due to his decade-long residence here. However, this Court finds that Defendant poses a flight risk. (D.E. No. 20 at 2). Specifically, this Court notes that Defendant is no longer employed, has no family ties or substantial community ties in either the Southern District of Florida or Virginia and is facing a sentence of more than ten (10) years. (TR at 26:2-7).

Finally, this Court finds that the extensive sexual relationship with the minor victim over a prolonged period of time substantiates Magistrate Judge Goodman's finding that Defendant is a danger to the community. For the reasons set forth above, this Court denies Defendant's Appeal of Pretrial Detention Order.

After careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

Defendant Thomas Patrick Keelan's Appeal of Pretrial Detention Order (D.E. No. 20) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 31 day of October, 2012.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record