UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20496 Cr Martinez/McAliley

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

THOMAS PATRICK KEELAN,

    Defendant.
_____/

## DEFENDANT'S PSI OBJECTIONS

Thomas Keelan, through counsel, submits the following objections to the PSI and in support states:

**Factual Objections**:

1. Mr. Keelan objects to ¶ 6 in its entirety. He denies sending flirtatious and sexually charged text messages to JS. No evidence of these text messages was introduced at trial.

2. Mr. Keelan objects to ¶ 7 to the extent it indicates that he ever asked JS to have sex, through a text message or otherwise. As the evidence at trial established, it was JS who persuaded Mr. Keelan to engage in a sexual relationship. Further, ¶ 7 neglects to mention that Mr. Keelan told JS that the two should not have sex.

3. Mr. Keelan objects to ¶ 8, which alleges that he instructed JS that he was not to disclose their sexual relationship. This never happened.

4. Mr. Keelan objects to ¶ 13, which neglects to mention that JS told him in December

of 2010 that he no longer felt the same way, and wanted the sexual relationship between them to end. The paragraph also neglects to mention that this was the last time Mr. Keelan saw JS in person until the trial in 2013.

5.     Mr. Keelan objects to ¶ 14. He never showed JS child pornography, and there was no evidence to that effect offered at trial. Further, a forensic search of Mr. Keelan's computer did not reveal any stored child pornography, or any attempt by Mr. Keelan to search for child pornography on the internet.

**Guideline Calculations**:

As an initial matter, Mr. Keelan objects to the use of U.S.S.G. § 2G1.3 as the basis for the guideline calculation in this case. Although the Guideline Manual counsels the use of § 2G1.3 based on a violation of 18 U.S.C. § 2422(b), this result—as applied to Mr. Keelan—violates principles of Equal Protection, Due Process, and general fairness. There is no dispute that Mr. Keelan committed statutory rape based on his sexual relationship with JS. But there is a guideline provision that covers statutory rape convictions: U.S.S.G. § 2A3.2. Under that guideline provision, Mr. Keelan would receive a total offense level of 22 and an advisory guideline range of 41–51 months. Mr. Keelan submits that the statutory rape guideline should apply in this case, because that is the crime he committed.

There is no reason for the Court to apply the § 2G1.3 guideline in this case. A conviction under 18 U.S.C. § 2422(b) covers an incredibly broad range of sexual misconduct, because it proscribes the coercion, persuasion, or inducement of any illegal sexual act by a minor. To that end, 18 U.S.C. § 2422(b) (and § 2G1.3) would apply if:

- a pimp blackmailed or coerced a 15-year-old into being an underage sex-worker.[1]

---

[1] In this instance, § 2G1.3 would produce an advisory range of 188-235 months, provided no computer is used.

- a defendant attempted to persuade an undercover agent to abduct and rape a 16-year-old.[2]

- JS's fifth-grade teacher engaged in a coercive sexual relationship with JS when he was 12.[3]

Section 2G1.3 produces these bizarre results with respect of § 2422(b) convictions because the guideline does not take into account the age of the victim; the nature of the sexual misconduct; or whether the offense was committed by means of coercion or mere inducement. Accordingly, Mr. Keelan submits that the federal statutory rape guideline should apply in this case.

But to the extent the Court applies § 2G1.3, the following enhancements should be stricken:

**Para. 34**:

Mr. Keelan objects to the § 2G1.3(b)(3)(A) enhancement because JS was no longer a student of the defendant's when the inducement to engage in sexual activity occurred. As the testimony at trial established, JS left Miami Hebrew Academy in February of 2010. There was no finding by the jury that Mr. Keelan did anything to induce JS to engage in sexual activity prior to this point. Because Mr. Keelan submits that any inducement occurred after JS had left the school (and was no longer in the custody, care, or control of the defendant), the two-level enhancement counseled in ¶ 34 should not apply.

**Para. 35**:

Mr. Keelan objects to the § 2G1.3(b)(3)(B) enhancement because he did not unduly influence J.S. to engage in sexual conduct. As the testimony at trial established, prior to the occurrence of any sexual conduct, J.S. told Mr. Keelan that, if the two did not begin a sexual relationship, J.S. would seek out some other older man to have a relationship with. J.S. also testified that Mr. Keelan told him that he could love him as a friend, and that he tried to dissuade him from engaging in any sexual

---

[2] In this instance, § 2G1.3 would produce an advisory range of 121-151 months.

[3] In this instance, § 2G1.3 would produce an advisory range of 188-235 months.

relationship. Undeterred, J.S. told Mr. Keelan that he did not want a friend, and that he needed the sexual relationship between them in order to live. J.S. further explained that the relationship was his choice, and that it was about power and control for him.

Further, the court excluded evidence that the defendant sought to introduce at trial establishing that J.S. engaged in a substantial number of sexual relationships while sleeping with Mr. Keelan, and after J.S. ended the sexual relationship between them. Given this evidence, Mr. Keelan submits that he has rebutted any presumption, *see* Application Note 3, that exists based on the age disparity between J.S. and the defendant. Accordingly, the enhancement in ¶ 35 should not apply.

**Para. 36**:

Mr. Keelan objects to the § 2G1.3(b)(3)(C) enhancement because the offense did not involve the use of a computer to induce Jacob's travel. During trial, the government initially sought to exclude the only computer communication that took place between J.S. and Mr. Keelan, because the emails did not indicate any level of inducement or persuasion on the part of Mr. Keelan.[4] There is not a single piece of evidence the government can point to indicating that Mr. Keelan ever used a computer to induce J.S.'s travel.[5] For that reason, the enhancement in ¶ 36 is entirely without merit.

**Statutory & Guideline Penalties**:

Mr. Keelan submits that the statutory penalties counseled by the PSI in ¶¶ 81–82 are unconstitutional under the Fifth, Eighth, and Tenth Amendments.

The statute of conviction, 18 U.S.C. § 2422(b), expressly incorporates every state law governing sexual misconduct without regard for the penalty imposed by the state legislature for the

---

[4]The government strategically introduced the bulk of these communications after the Court indicated that it would deny the government's motion *in limine*.

[5]Application Note 4 provides that the enhancement does not apply when a defendant uses a computer to book airline tickets. Accordingly, there can be no claim that Mr. Keelan's use of the internet to book a hotel room subjects him to this enhancement.

violation of that crime. In this case, the state laws that Mr. Keelan violated—Fla. Stat. §§ 777.04(1) and 800.04(4)—each carry a statutory maximum penalty of 15 years, without any minimum mandatory term of imprisonment. *See* Fla. Stat. § 775.082(3)(c). Because statute of prosecution provides that Mr. Keelan is subject to a maximum penalty of life and a minimum sentence of 10 years—both in excess of the Florida laws that he induced Jacob to violate—the penalties required by § 2422(b) are unconstitutional.

"States possess primary authority for defining and enforcing the criminal law." *Brecht v. Abrahamson*, 507 U.S. 619, 635, 113 S. Ct. 1710, 1720 (1993). The regulation of sexual misconduct, and the suppression of violent crime more generally, are traditional police powers that our constitutional system reserves to the States. *See United States v. Morrison*, 529 U.S. 598, 618 (2000) ("We can think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims."). Indeed, a "change in the sensitive relation between federal and state criminal jurisdiction" is effected when Congress criminalizes conduct already denounced as criminal by the states. *See United States v. Lopez*, 514 U.S. 549, 561, 115 S. Ct. 1624, 1631 (1995). "[T]he federal balance is too essential a part of our constitutional structure and plays too vital a role in securing freedom for us to admit inability to intervene when one or the other level of Government has tipped the scales too far." *Id*. at 578, 115 S. Ct. at 1639 (Kennedy, J., concurring). Thus, 18 U.S.C. § 2422(b) preempts state law and brings citizens into an arena that is outside the scope intended for federal criminal prosecution. *See, e.g., United States v. Kebodeaux*, 687 F.3d 232, 249 (5th Cir. 2012); *Brzonkala v. Virginia Polytechnic Institute and State University*, 169 F.3d 820, 904 (4th Cir. 1999).

Because the statute of conviction expressly incorporates a violation of state law as an element of the offense without regard for the penalty for that crime provided by the state legislature, 18

U.S.C. § 2422(b) purports to exercise a traditional police power and invades a power that is the province of the States, in violation of the Tenth Amendment.

Further, because the statutory penalties do not account for the penalties faced by an individual convicted of the state crime that provides an element of the offense, § 2422(b) violates the Fifth Amendment principles of Due Process and Equal Protection.

Accordingly, Mr. Keelan submits that his conviction carries a maximum penalty of 15 years' imprisonment, without any minimum term of incarceration.

WHEREFORE, Mr. Keelan's PSI objections should be sustained.

Respectfully submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By:  /s/ *Samuel Randall*
Samuel Randall
Assistant Federal Public Defender
Florida Bar No. 56864
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000
(305) 536-4559, Fax
Email: samuel_randall@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

 /s/  *Samuel Randall*
Samuel Randall