UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20496-CR-MARTINEZ/MCALILEY

UNITED STATES OF AMERICA,

vs.

THOMAS PATRICK KEELAN,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION REGARDING RESTITUTION

THIS MATTER was referred to the Honorable Chris McAliley, United States Magistrate Judge, to take all necessary and proper action as required by law with respect to restitution to be paid by Defendant Thomas Patrick Keelan ("Defendant"), including a report and recommendation and, if necessary, an evidentiary hearing on the matter. (D.E. No. 116). Upon holding a restitution hearing on August 7, 2013, Magistrate Judge McAliley thereafter filed a Report and Recommendation Regarding Restitution (D.E. No. 160) recommending that this Court order Defendant to pay $104,886.05 in restitution, pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. Defendant filed objections to the Report and Recommendation (D.E. No. 172) on December 6, 2013, and the Court has made a *de novo* review of the issues raised therein. Specifically, Defendant objects to Judge McAliley's Report and Recommendation because (1) the restitution hearing was not held within 90 days after sentencing, as required under 18 U.S.C. § 3664(d)(5), and neither Defendant nor his counsel ever agreed to waive this jurisdictional requirement; (2) Defendant's conviction for knowingly

persuading, inducing, enticing, and coercing an individual who had not attained the age of eighteen years to engage in sexual activity, under 18 U.S.C. § 2422(b), is not a "crime of violence" as defined in 18 U.S.C. § 16, rendering the Mandatory Victim Restitution Act ("MVRA") inapplicable in this case; (3) the bodily injury experienced by the minor victim did not give rise to the treatment for which restitution is sought; and (4) the restitution ordered is not for expenses directly and proximately resulting from the offense.

This Court finds that Judge McAliley has already thoroughly addressed all of Defendant's objections in her Report and Recommendation, with the exception of the 90-day requirement. "[A]s an initial matter," Defendant objects to any order of restitution in this case on the basis that his hearing was not held within 90 days after sentencing, which took place on April 11, 2013. Pursuant to 18 U.S.C. 3664(d)(5), "[T]he court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." Because the victim's losses were not ascertainable at sentencing, the Government asked that the Court set a restitution hearing for the following week, and the Court scheduled the matter for Thursday, April 18 at 3:30 p.m., for a final determination of the victim's losses, pursuant to 18 U.S.C. § 3664(d)(5). (D.E. No. 137 at 50-51). At that point, Defendant's counsel had no objection to the extension of time. *Id.* at 51. On April 18, 2013, the Court heard argument as to restitution and referred the matter to Magistrate Judge McAliley. (D.E. No. 115). Judge McAliley set a restitution hearing for April 30, 2013 (D.E. No. 117), which she then reset for June 18, 2013 (D.E. No. 119), and again reset for June 26, 2013 (D.E. 129). Defendant filed no objections to any of these scheduling modifications. The Government then filed an unopposed motion to continue the restitution hearing from June 26, 2013 until the week of July 8, 2013. (D.E. No. 140). As represented

therein, "The defendant's attorneys are unopposed to this continuance." *Id.* at 1. More specifically, counsel for the Government indicated that he had spoken with Defendant's attorney, "[W]ho explained that he would be unavailable the week of July 4, 2013. Otherwise, [he] ha[d] no objection to this Motion." *Id.* Judge McAliley granted the Government's Unopposed Motion to Continue Restitution Date (D.E. No. 140), and reset the hearing for July 25, 2013. (D.E. No. 141). The new date for the restitution hearing, July 25, 2013, fell outside the 90-day requirement imposed by 18 U.S.C. § 3664(d)(5), and Defendant had no objection at that time.

Thereafter, the Government filed its memorandum on restitution (D.E. No. 144), and Defendant responded with a request to strike the Government's memorandum (D.E. No. 145) due to its untimeliness, among other reasons. Additionally, in Defendant's Request to Strike the Government's Memorandum, Defendant noted that while he did not initially oppose the Government's June 21, 2013 request to continue the restitution hearing, he did object to the continuation of the restitution hearing outside the 90-day period. (D.E. No. 145 at 3 n. 1). Defendant first lodged this objection on July 19, 2013, 99 days post-sentencing. Judge McAliley addressed this argument in her Order Denying Motion to Strike and found "[T]hat Defendant has waived his right to enforce the 90 day limitation for restitution orders set forth in § 3664, with his previous agreement to extend the hearing date beyond that deadline." (D.E. No. 147 at 2) (citing *United States v. Brannon*, 476 Fed. App'x 386, 391 (11th Cir. 2012)). This Court agrees. Further, by postponing the hearing to allow Defendant sufficient time to prepare and by affording him an opportunity to file a memorandum in response to the Government's memorandum, Judge McAliley cured any prejudice claimed by Defendant caused by the scheduling of the restitution hearing outside the 90-day limitation. Accordingly, after careful consideration, it is hereby

**ADJUDGED** that United States Magistrate Judge McAliley's Report and recommendation (D.E. No. 160) is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Defendant is ordered to pay $104,886.05 in restitution, pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A.

DONE AND ORDERED in Chambers at Miami, Florida, this 2 day of January, 2014.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record