UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20496-CR-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA,

vs.

THOMAS PATRICK KEELAN,

    Defendant.
_____/

REPORT AND RECOMMENDATIONS ON

COUNSEL'S CJA VOUCHER REQUEST

On February 10, 2015, court-appointed defense counsel Paul D. Petruzzi ("Counsel") submitted voucher application FLS 14 1370 with appended time sheets requesting $3,080.00 as final payment for attorney's fees pursuant to the Criminal Justice Act (the "CJA"), 18 U.S.C. § 3006A. Counsel supplied detailed time entries and a letter of explanation (the "Letter of Explanation") in support of the application.

On November 12, 2013, Counsel was appointed to represent Defendant Thomas Patrick Keelan ("Keelan") pursuant to the CJA for the purposes of representing Keelan in a restitution proceeding. [ECF No. 189].[1] Counsel did not submit a proposed budget

---

[1]     The Order [ECF No. 189] was entered on January 7, 2015, however, the "Nunc Pro Tunc Date" on the Order establishes Counsel's date of appointment as November 12, 2013.

for the representation, or request approval to exceed the $2,100.00 cap on representation in a restitution-related matter pursuant to the CJA.

Counsel now seeks $3,080.00 in compensation for his representation of Keelan in connection with the restitution proceeding. The entirety of the $3,080.00 is for attorney's fees. The requested amount exceeds the $2,100.00 statutory maximum for attorney's fees allowable pursuant to the CJA. *See* Guidelines, Vol. 7A, Chapter 2, § 230.23.30.[2] United States District Judge Jose E. Martinez referred the voucher application to the Undersigned for a Report and Recommendations as to whether the requested fees are appropriate. [ECF No. 191].

Having reviewed the voucher and the pertinent portions of the record, the Undersigned **respectfully recommends** that the voucher request be **approved for a total amount of $3,080.00**, in accordance with the opinion below.

I.      **CRIMINAL JUSTICE ACT GUIDELINES**

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in applying the provisions of the CJA. *See In re Burger*, 498 U.S. 233, 234 (1991). The CJA plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the United States Judicial

---

[2]      Table 30 is applicable here, rather than the table found at § 230.23.20, because this representation occurred between 1/1/2010 and 2/28/2014. Under the CJA Guidelines, assistance in a restitution proceeding is considered "Other representation required or authorized by the CJA."

2

Conferences guidelines for the administration of the Criminal Justice Act." *See* CJA Plan, Southern District of Florida.

The CJA provides that an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" at the conclusion of CJA representation. 18 U.S.C. § 3006A(d)(1). The CJA also provides for payment of "expenses reasonably incurred." *Id*. The district court, as the body empowered to "fix" compensation of CJA-appointed Counsel, has the statutory authority and discretion to determine what is a reasonable expense or use of billable time. 18 U.S.C. § 3006A(d)(5); *U.S. v. Griggs*, 240 F.3d 974 (11th Cir. 2001).

To recommend a fee exceeding the statutory maximum, the district court must first certify that the case involves "complex" or "extended" representation. 18 U.S.C. § 3006A(d)(3). The court may find a case "complex" if the "legal or factual issues . . . are unusual, thus requiring more time, skill and effort by the lawyer than would normally be required in an average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(b). A case is "extended" if "more time is reasonably required for total processing than the average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(b). After certifying that the case is either "complex" or "extended," the district court must determine whether the amount sought is necessary to provide Counsel with fair compensation.

## II. BACKGROUND

### A. Facts of the Case

Keelan was convicted of two counts of violating 18 U.S.C. § 2422(b), which proscribes the inducement, enticement or coercion of a minor to engage in sexual activity that violates state law. [ECF Nos. 7; 93]. These charges arose from Keelan's unlawful sexual relationship with a 10th grade student, which began when Keelan was that minor's teacher.

### B. Initial Budget Proposal

There was no initial budget proposal in this matter. Counsel was appointed for the limited purpose of representing Keelan at his restitution proceeding, which, pursuant to the CJA Guidelines, would normally be subject to a $2,100.00 statutory maximum for attorney's fees. Guidelines, Vol. 7A, Chapter 2, § 230.23.30. This amount is well below the amount that would warrant an initial budget proposal under the Guidelines. *See* Guidelines, Vol. 7A, Chapter 2, § 230.26.10.

### C. CJA Voucher Request

Counsel submitted the instant CJA voucher request on February 10, 2015. Counsel sought $3,080.00 for his representation at the restitution proceeding. Counsel sought compensation for 28 hours of time spent out-of-court.

### D. Voucher Amount – Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy. The administrator did not make any changes to the number of out-of-court hours, verifying Counsel spent 28 hours out-of-court for a total cost of $3,080.00. Thus, the final amount of the voucher after the CJA administrator's review remained $3,080.00.

## III. ANALYSIS

### A. This Case Was Complex

In order to recommend that the District Court compensate Counsel in an amount that exceeds the statutory maximum, I must first find that this case was either complex or extended. Counsel was appointed for the limited purpose of representing Keelan at his restitution proceeding, so the appointment was certainly not "extended."

However, after reviewing the record, there is no doubt that the restitution proceeding was complex. Counsel did not represent Keelan in the original criminal proceeding, and therefore had to familiarize himself with the entire underlying criminal record in order to adequately represent Keelan at his restitution proceeding. The nature of the case and complexity of the legal issues involved in the restitution cause the Undersigned to conclude that the cost of fair representation at the restitution proceeding exceeds the statutory maximum of $2,100.00.

B. <u>Out-of-Court Hours</u>

Counsel sought 28 hours for time spent out of court. The CJA administrator reviewed the request without making changes. Given the complex nature of the legal issues concerning restitution in this case and the fact that Counsel was not the original attorney at trial, thus requiring a significant amount of time learning the case, I have no doubt that Counsel spent the amount of time he requests working on this case. Accordingly, I find that all of Counsel's time entries are appropriate. **Thus, in the absence of other factors, Counsel should receive $3,080.00 for 28 out-of-court hours.**

IV. CONCLUSION

For the reasons stated above, the Undersigned **respectfully recommends** that Counsel be paid **$3,080.00** as fair and final compensation for his work on this case.

V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have 14 days from the date of this Report and Recommendations to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge assigned to this case. Each party may file a response to the other party's objection within 7 days of the objection. Failure to file timely objections shall bar the Parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings

contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

      **RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, April 24, 2015.

                                            Jonathan Goodman
                                            UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record
Hon. Jose E. Martinez