UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 17-20158-CIV-MARTINEZ-GOODMAN
(Criminal Case Number: 12-10496-CR-MARTINEZ)

THOMAS KEELAN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, for a Report and Recommendation ("R&R") on all dispositive matters, [ECF No. 5]. After screening Petitioner's § 2255 Habeas Petition, Magistrate Goodman filed an R&R recommending that Petitioner's Petition be denied and no certificate of appealability be issued, [ECF No. 25]. After two extensions were subsequently granted, Petitioner timely filed Objections to the Magistrate's Report and Recommendation Regarding Petitioner's Motion to Vacate Conviction and Sentence, [ECF No. 34].

The Court, having conducted a *de novo* review of the record and the issues presented in Petitioner's objections, agrees with the well-founded analysis and conclusion in Magistrate Judge Goodman's R&R, which the Court fully adopts herein.

Petitioner's objections are adequately addressed by the R&R. For example, one basis of objection to the R&R's findings on Petitioner's ineffective assistance of counsel claim is predicated on Petitioner's contention that Magistrate Judge Goodman misunderstands Petitioner's

theory of defense and derivative habeas claim. Specifically, Petitioner argued that his counsel was ineffective in failing to make a reasonable investigation of J.S.'s mental state and failing to introduce evidence that the minor victim pursued older men online—indicating that Petitioner could not have possibly enticed or persuaded the victim as delineated in the charging statute.

To the contrary, however, and as thoroughly discussed in the R&R, Petitioner's trial attorney attempted to present evidence that the minor victim was allegedly "criminally predisposed" to having illicit sexual relationships with older men and that he actually pursued such men online. In fact, at trial, Petitioner's attorney filed a pre-trial motion to introduce this very evidence under Federal Rule of Evidence 412(b), arguing that the evidence would rebut the Government's argument that Petitioner persuaded the victim to engage in sexual activity. This is precisely the argument Petitioner claims his trial counsel failed to make. The argument was rejected at trial and affirmed on appeal. The Court's rejection of trial counsel's argument does not amount to ineffective assistance of counsel. Any objection to the contrary is ill-founded.

For similar reasons, the Court adopts the R&R's analysis of Petitioner's *Brady* claims. The evidence purportedly discovered post-appeal was substantially similar to the evidence regarding J.S.'s prior sexual activity already in Petitioner's possession at trial and on appeal. This evidence was deemed inadmissible at trial. Therefore, there is no reason to believe that this additional evidence actually prejudiced the Petitioner or would have changed the outcome of the trial.

Accordingly, after careful consideration, it is hereby:

**ADJUDGED** that Magistrate Judge Goodman's Report and Recommendation, [ECF No. 25], is **AFFIRMED AND ADOPTED** in its entirety.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1. Petitioner's § 2255 Petition, [ECF No. 1], is **DENIED,** and no certificate of appealability shall be issued.

2. This case is **CLOSED**, and all pending motions shall be **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of March, 2020.

                                              _____
                                              JOSE E. MARTINEZ
                                              UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Goodman